**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Kathryn L. Kammer**, OSB No. 084020
kathryn.kammer@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendant
Oregon State University

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| RACHEL ROBINSON, | CV No. 3:12-cv-1992 |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| OREGON STATE UNIVERSITY, a public university within the OREGON UNIVERSITY SYSTEM, | |
| Defendant. | |

For its answer to the complaint of plaintiff, Rachel Robinson, defendant Oregon State University ("OSU"), admits, denies, and alleges as follows:

Page 1 -   Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

### PLAINTIFF'S ALLEGATIONS CONCERNING THE PARTIES

1.  Answering paragraph 1, OSU admits that from September 2001 to March 2006 and September 2009 to December 2010, Robinson was enrolled as a student at OSU. OSU denies the allegation that this encompasses "all material times." OSU lacks sufficient knowledge and information to admit or deny the remaining allegations of paragraph 1, and therefore denies them.

2.  Answering paragraph 2, OSU admits that it is a public university within the Oregon University System, that the system employs a Chancellor, and that the Chancellor has an office in Portland, Oregon. OSU also admits that it has a bookstore and conducts some business in Multnomah County, Oregon. OSU denies the remaining allegations of paragraph 2.

### PLAINTIFF'S ALLEGATIONS CONCERNING HER STATEMENT OF THE CASE

3.  OSU admits the allegations in paragraph 3.

4.  Answering paragraph 4, OSU admits that the documents listed by Robinson are some of the many documents published and distributed by OSU, that some documents describe its requirements for the Master of Public Health program and graduation from the University, as well as the University's policies and procedures. OSU denies the remaining allegations of paragraph 4.

5.  Answering paragraph 5, OSU admits that in or about February 2009, OSU's Graduate School admitted Robinson to the Environment, Safety & Health Track of its Master of Public Health ("MPH") program, and that this admittance was made conditionally. OSU further alleges that students like Robinson who are admitted to the Graduate School conditionally because they did not met the minimum admission requirements for the program to which they applied must maintain both a 3.00 cumulative GPA on all work taken as a graduate student and a grade of B (3.0) or better in each course during the first 18 hours of graded

Page 2 -   Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

graduate credits in order to remain in the program. OSU denies the remaining allegations of paragraph 5.

6. Answering paragraph 6, OSU admits that, during her enrollment in the MPH program, Robinson met with the University's Disability Access Services and informed that office that she had post-traumatic stress disorder, depression, and attention deficit hyperactivity disorder, and that she had undergone treatment for these conditions. OSU lacks sufficient knowledge or information to admit or deny plaintiff's physical and mental condition, and therefore it denies the remaining allegations of paragraph 6.

7. Answering paragraph 7, OSU lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and therefore it denies them.

8. OSU admits the allegations in paragraph 8.

9. Answering paragraph 9, OSU admits that, during her enrollment in the MPH program, Robinson experienced absences from class. OSU also admits that Robinson requested academic accommodations/modifications, but denies that it failed to provide reasonable accommodations/modifications to Robinson. OSU further alleges that, during her enrollment in the MPH program, it provided Robinson accommodations/modification, such as note-taking, alternative testing, and academic coaching, and flexibility for class attendance and assignment due dates. OSU lacks sufficient knowledge or information to form a belief as to the truth of the allegations of counseling received by Robinson, and therefore it denies them. OSU denies the remaining allegations of paragraph 9.

10. Answering paragraph 10, OSU admits in June 2010, OSU dismissed Robinson from the MPH program for failure to meet the program's academic requirements. OSU also admits that Robinson made a formal complaint to OSU's Office of Affirmative Action and Equal Opportunity, contesting her dismissal. OSU denies the remaining allegations of paragraph 10.

Page 3 -    Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

11. Answering paragraph 11, OSU admits and alleges that, on August 23, 2010, OSU's Office of Affirmative Action and Equal Opportunity notified Robinson that, after investigating the claims in her formal complaint, it had determined that eight of her nine assertions were unsupported, that a request she had made for a reduced course load should not have been denied, and that as a result, she was being readmitted to the MPH program with the understanding that going forward, she would need to meet the performance standards required of all MPH students including: (1) maintaining a cumulative GPA of at least 3.0; (2) retaking the courses in which she had previously received a grade below "B-"; (3) successfully completing all remaining program requirements; and (4) meeting all competencies for the Environment, Safety & Health Track for the MPH program. OSU denies the remaining allegations of paragraph 11.

12. Answering paragraph 12, OSU admits that, after Robinson was readmitted to the MPH program for the Fall 2010 term, she continued to have poor academic performance, and consequently, OSU dismissed Robinson from the MPH program in December 2010 for her failure to meet the program's academic requirements. OSU denies the remaining allegations of paragraph 12.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (ADA)

13. Answering paragraph 13, OSU incorporates its responses from paragraphs 6 through 12.

14. Answering paragraph 14, OSU admits that Robinson it provided accommodations to Robinson as a disabled person, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore it denies them.

15. Answering paragraph 15, OSU admits that it provided Robinson accommodations as a disabled person, but lacks sufficient knowledge or information to form a belief as to the truth of whether she was a "disabled person at the time of her enrollment and

Page 4 -   Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

thereafter" and therefore denies that allegation. OSU denies the remaining allegations of paragraph 15.

  16. OSU denies the allegations in paragraph 16.

  17. OSU admits the allegations in paragraph 17.

  18. OSU denies the allegations in paragraph 18.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**

**(Section 504)**

  19. Answering paragraph 19, OSU incorporates its responses from paragraphs 6 through 18.

  20. Answering paragraph 20, OSU admits that plaintiff provided information to its Disability Access Services that showed she could be provided reasonable modifications to policies and alleges that it provided reasonable modifications. OSU denies the remaining allegations in paragraph 20.

  21. OSU admits the allegations in paragraph 21.

  22. OSU denies the allegations in paragraph 22.

**PLAINTIFF'S THIRD CLAIM FOR RELIEF**

**(ORS § 659.850)**

  23. Answering paragraph 23, OSU incorporates its responses from paragraphs 6 through 12.

  24. OSU denies the allegations in paragraph 24.

  25. OSU denies the allegations in paragraph 25.

  26. OSU denies the allegations in paragraph 26.

**PLAINTIFF'S FOURTH CLAIM FOR RELIEF**

**(Breach of Contract)**

  27. Answering paragraph 27, OSU incorporates its responses from paragraphs 6 through 12.

Page 5 - Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

28. OSU denies the allegations of paragraph 28.

29. Answering paragraph 29, OSU admits that the excerpts from the OSU General Catalog and the University's Policy Prohibiting Discriminatory Harassment that are quoted by Robinson are accurate, although not necessarily in the correct order. OSU denies the remaining allegations of paragraph 29.

30. OSU denies the allegations in paragraph 30.

31. OSU denies the allegations in paragraph 31.

32. OSU denies the allegations in paragraph 32.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Claim for Relief)

33. Robinson's complaint fails to state claims against OSU upon which relief can be granted.

### SECOND DEFENSE

### (Statute of Limitations)

34. Robinson's claim under ORS 659.850 is barred by the statute of limitations.

### THIRD DEFENSE

### (Statute of Limitations)

35. Some acts about which Robinson appears to complain fall outside of the applicable statute of limitations for her other claims for relief.

### FOURTH DEFENSE

### (Failure To Exhaust Administrative Remedies)

36. Robinson's claims are barred because plaintiff has failed to exhaust her administrative remedies by failing to file a grievance with the State Board of Higher Education within 180 days of the alleged discrimination as required by ORS 659.860.

Page 6 -   Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## FIFTH DEFENSE

### (Failure to Comply With Oregon Tort Claims Act)

37.  Robinson has failed to give proper notice of one or more of her claims under the Oregon Tort Claims Act (ORS 30.275).

## SIXTH DEFENSE

### (Limitation on Damages, Oregon Tort Claims Act)

38.  Without waiving any other defenses or denials, Robinson cannot recover amounts for claims that exceed the limitations of ORS 30.272.

## SEVENTH DEFENSE

### (Not Qualified Individual with a Disability)

39.  Robinson is not a qualified individual with a disability within the terms of the Americans with Disabilities Act, 42 USC § 12101 et seq., or within the meaning of the term "qualified individual with a disability" as used in ORS 659A.112.

## EIGHTH DEFENSE

### (Reasonable Accommodations/Modifications Were Provided)

40.  Without waiving any other defenses or denials, to the extent reasonable accommodations/modifications were requested or required, such reasonable accommodations/modifications were provided by OSU.

## NINTH DEFENSE

### (Legitimate, Nondiscriminatory Reason)

41.  Without waiving any other defenses or denials, OSU's actions were based on legitimate and legal reasons.

Page 7 -   Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

### TENTH DEFENSE

### (Estoppel)

42. Without waiving any other defenses or denials, Robinson is estopped from pursuing her claims because she did not take advantage of the accommodation/modification provided to her in the Fall 2010 term.

### ELEVENTH DEFENSE

### (Failure to Mitigate Damages)

43. To the extent Robinson incurred any damages, which OSU denies, plaintiff failed to mitigate her damages.

### TWELVTH DEFENSE

### (Material Breach)

44. Without waiving any defenses or denials, any performance allegedly required by OSU under any agreement between OSU and Robinson is excused by the prior material breach by Robinson.

WHEREFORE, OSU requests judgment as follows:

1. For dismissal of plaintiff's claims against OSU with prejudice;
2. For an award of its costs and disbursements; and
3. For such other relief the court deems just and proper.

DATED this 6th day of November, 2012.

    MILLER NASH LLP

    s/ Michael Porter
    Michael Porter, P.C., OSB No. 003560
    mike.porter@millernash.com
    Kathryn L. Kammer, OSB No. 084020
    kathryn.kammer@millernash.com
    Phone: (503) 224-5858
    Facsimile: (503) 224-0155

    Attorneys for Defendant Oregon State University

Page 8 -    Answer and Affirmative Defenses

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

I hereby certify that I served the answer and affirmative defenses on:

>Kevin C. Brague
>kbrague@braguelaw.com
>The Brague Law Firm, LLC
>12972 S.W. Tearose Way
>Tigard, Oregon  97223
>Facsimile:  (503) 536-6832
>
>Attorneys for Plaintiffs

by the following indicated method or methods on the date set forth below:

☐ **E-mail.**

☐ **E-mail service, pursuant to ORCP 9 G.**

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 6th day of November, 2012.

>s/ Michael Porter
>Michael Porter, P.C., OSB No. 003560
>
>Attorneys for Defendant
>Oregon State University

Page 1 -   Certificate of Service

PDXDOCS:1980888.4

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204